UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ZAIN BEAUTY SUPPLY, INC.,

    Plaintiff,

v.                                  CASE NO. 8:25-cv-01679-SDM-LSG

OHIO SECURITY INSURANCE
COMPANY,

    Defendant.

_____/


## ORDER

    Zain Beauty Supply, Inc., sues Ohio Security Insurance Company (OSIC) and asserts a claim for breach of contract based on an insurance policy.  OSIC moves (Doc. 12) for summary judgment.  Zain fails to respond.

## BACKGROUND[*]

    OSIC issued to Zain a commercial property insurance policy in November 2024.  (Docs. 12 and 1-6)  Zain suffered property damage from Hurricane Milton in October 2024 and reported a claim to OSIC for $171,246.05 in replacement cost based on an estimate prepared by United Claims Specialists.  (Docs. 12 and 1-4)

---

[*] The facts in this "background" section appear in the "statement of undisputed material facts" section of OSIC's motion (Doc. 12) for summary judgment and are not contradicted by any material in the record. Because Zain fails to respond to the motion or to address OSIC's statement of the facts, the facts contained in OSIC's "statement of undisputed material facts" are considered undisputed for purposes of the motion. *See* Rule 56(e), Federal Rules of Civil Procedure. To the extent a fact is contradicted by material in the record or is susceptible to differing inferences, the fact is construed in favor of Zain. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020).

Zain failed to present OSIC with proof of repairs and failed to present OSIC with a claim for actual cash value. (Doc. 12)  Zain asserts that OSIC "materially breached the Policy by failing to pay the actual cash value and replacement cost value of the claim."  (Docs. 12 and 1-1)

## STANDARD

Summary judgment is available if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules Civil Procedure.  A fact is material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the non-moving party."

A moving party is entitled to summary judgment when the non-moving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)); *Johns v. Jarrard*, 927 F.2d 551, 555 (11th Cir. 1991)  If the initial burden is

- 2 -

met, the burden shifts to the non-moving party to establish specific facts showing a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Johns, 927 F.2d at 555; Pennington v. City of Huntsville,* 261 F.3d 1262 (11th Cir. 2001). The non-moving party must "go beyond the pleadings" and point to evidence in the record that demonstrates the existence of a genuine issue for trial. *Celotex,* 477 U.S. at 324 (quotation omitted).

## DISCUSSION

To state a claim for breach of contract, a plaintiff must allege "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008)).  Zain sufficiently states a claim for breach of contract by asserting in the complaint (1) that the parties entered a commercial property insurance policy for a certain property, (2) that Zain suffered a loss under the policy but OSIC failed to pay Zain either the actual cash value or the replacement cost value of the claim, and (3) that Zain suffered damages as a result.

OSIC claims entitlement to summary judgment because Zain failed to repair or replace the damaged property and because Zain failed to present OSIC with a claim for actual cash value.  OSIC supports the motion for summary judgment with the declaration of William Murray, corporate representative for OSIC.

## I.     The Policy Requires Actual Repair

The insurance policy states that if the insured suffers a loss or damage covered by the policy, OSIC will (at OSIC's option) either:

> (1) Pay the value of lost or damaged property;
>
> (2) Pay the cost of repairing or replacing the lost or damaged property;
>
> (3) Take all or any part of the property at an agreed or appraised value; or
>
> (4) Repair, rebuild or replace the property with other property of like kind and quality, subject to Paragraph d.(1)(e) below.

(Doc. 1-6 at 63). Paragraph d.(1)(e) states that OSIC will determine the value of "Covered Property":

> (1) At replacement cost without deduction for depreciation, subject to the following:
>
>> (a) If, at the time of loss, the Limit of Insurance on the lost or damaged property is 80% or more of the full replacement cost of the property immediately before the loss, we will pay the cost to repair or replace, after application of the deductible and without deduction for depreciation, but not more than the least of the following amounts:
>>
>>> (i)   The Limit of Insurance under Section I - Property that applies to the lost or damaged property;
>>>
>>> (ii)  The cost to replace, on the same premises, the lost or damaged property with other property:
>>>
>>>> i.  Of comparable material and quality; and
>>>>
>>>> ii. Used for the same purpose; or
>>>
>>> (iii) The amount that you actually spend that is necessary to repair or replace the lost or damaged property.

(Doc. 1-6 at 64)  OSIC is not required to pay the insured on "a replacement cost basis" until the damaged property "is actually repaired or replaced":

(d) We will not pay on a replacement cost basis for any loss or damage:

 (i) Until the lost or damaged property is actually repaired or replaced; and

 (ii) Unless the repairs or replacement are made as soon as reasonable[sic] possible after the loss or damage:

 However, if the cost to repair or replace the damaged building property is $2,500 or less, we will settle the loss according to the provisions of Paragraphs d.(1)(a) and d.(1)(b) above whether or not the actual repair or replacement is complete.

  i. Of comparable material and quality; and

  ii. Used for the same purpose; or

 (iii) The amount that you actually spend that is necessary to repair or replace the lost or damaged property.

(Doc. 1-6 at 64)

If an insurance policy expressly requires repairs before an insured is entitled to recoup the replacement cost, the insured must repair the property as a condition precedent to receiving the replacement cost. *See Buckley Towers Condo., Inc. v. QBE Ins. Corp.,* 395 F. App'x 659 (11th Cir. 2010). The insurance policy here states that OSIC "will not pay on a replacement cost basis for any loss or damage: [u]ntil the lost or damaged property is actually repaired or replaced[.]" Zain fails to produce or identify supporting material in the record that Zain repaired or replaced the damaged property. OSIC is entitled to summary judgment.

## II. Zain Failed to Present a Claim for Actual Cash Value

The insurance policy provides Zain the option to have a claim for loss on "actual cash value":

(b) You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have loss or damage settled on an actual cash value basis, you may still make a claim on a replacement cost basis if you notify us of your intent to do so within 180 days after the loss or damage.

(Doc. 1-6 at 150)  In an insurance policy, "actual cash value" means replacement cost less depreciation.  *Trinidad v. Fla. Peninsula Ins. Co.*, 121 So. 3d 433 (Fla. 2013)  OSIC contends that Zain never submitted a claim for the actual cash value of the property.  Because Zain fails to produce or identify supporting material in the record that Zain presented OSIC with a claim for the actual cash value of the property, OSIC is entitled to summary judgment.

## CONCLUSION

The motion (Doc. 12) for summary judgment is **GRANTED**.  The clerk must enter judgment for OSIC and against Zain and close the case.

ORDERED in Tampa, Florida, on April 13, 2026.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 6 -